IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| | ) CIVIL ACTION NO. |
| v. | ) ) |
| CARDINAL HEALTH, INC. and CARDINAL HEALTH 414, L.L.C. d/b/a CARDINAL HEALTH NUCLEAR PHARMACY SERVICES, | ) COMPLAINT ) JURY TRIAL DEMAND ) ) ) ) |
| Defendants. | ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Howard Thompson who was adversely affected by such practices. The Commission alleges that Defendants, Cardinal Health, Inc. and Cardinal Health 414, L.L.C. d/b/a Cardinal Health Nuclear Pharmacy Services discriminated against Howard Thompson and discharged him on the basis of his religion in violation of Title VII of the Civil Rights Act of 1964.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Virginia.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Cardinal Health, Inc, has continuously been a Delaware corporation doing business in the State of Virginia and City of Charlottesville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant, Cardinal Health 414, L.L.C., has continuously been a Virginia Corporation doing business in the State of Virginia and City of Charlottesville, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Cardinal Health, Inc. and Defendant Cardinal Health 414, L.L.C. (hereinafter collectively referred to as "Defendants") have operated as an integrated business enterprise and have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Howard Thompson filed a charge with the Commission alleging violations of Title VII by the Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In or around April 2006, Defendants engaged in unlawful employment practices

at its facility located in Charlottesville, Virginia, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).  Specifically, Defendants failed to accommodate the religious beliefs and practices of Howard Thompson (Christian/Baptist) by requiring him to work on Sundays despite his religious belief against working on Sundays.  In or around April 2006, Defendants implemented a work requirement that required Thompson to work on rotating Sundays.  Thompson notified Defendants that the newly-imposed work schedule conflicted with his religious belief against working on Sundays.  Defendants thereafter failed to provide Thompson a reasonable accommodation so that he could observe his stated religious belief.  Defendants subsequently discharged Thompson because of his religion, specifically because he refused to work on Sundays.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Howard Thompson of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Howard Thompson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

B. Order Defendants to institute and carry out policies, practices, and programs

which: (i) provide equal employment opportunities for employees of diverse religious faiths; (ii) prohibit discrimination on the basis of religion; and (iii) provide religious accommodation when required, in order to eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendants to make whole Howard Thompson, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof, for Howard Thompson.

  D. Order Defendant to make whole Howard Thompson, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

  E. Order Defendant to make whole Howard Thompson by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to past and future emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

  F. Order Defendant to pay Howard Thompson punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, North Carolina
(704) 344-6682
(704) 344-6780 facsimile
Lynette.Barnes@eeoc.gov


TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
1801 L Street, N.W., Suite 100
Washington, D.C. 20507
(202) 419-0711
(202) 419-0701 facsimile
Tracy.Spicer@eeoc.gov

__/s/ Suzanne L. Nyfeler_____
SUZANNE L. NYFELER
Senior Trial Attorney
830 East Main Street, Suite 600
Richmond, Virginia
(804)771-2215
(804) 771-2222 facsimile
Suzanne.Nyfeler@eeoc.gov